# Christman *against* Siegfried.

An administrator who voluntarily pays money on account of a claim against the estate which he represents, is not thereby rendered an incompetent witness in an issue between the claimant and another creditor of the estate to try the validity of the claim.

In an issue between a father and a creditor of his deceased son, to try whether a sum of money given by the father to the son was a loan or an advancement, it is competent for the latter to prove that the son worked for the father after he arrived at full age.

It is also competent in such case to prove that the father had made advancements to his other children.

[Christman v. Siegfried.]

ERROR to the Common Pleas of *Berks* county.

Upon the distribution of the assets of the estate of Henry Sieg-fried deceased, among his creditors, by an auditor, there was awarded to Solomon Siegfried, who was the father of the deceased, the sum of $1143.34 on a claim of $1200. Henry Christman, a creditor of the estate, excepted to this report on the ground that the claim of the father was an advancement to the son, which he was not entitled to recover back. The court directed an issue to try this fact, in which Solomon Siegfried was plaintiff, and Henry Christman defendant.

Upon the trial, the plaintiff called as a witness John H. Helf-rich, the administrator of Henry Siegfried deceased, who, it was admitted, had paid Solomon Siegfried a part of his claim, and his competency was objected to for that reason; but the court over-ruled the objection, and sealed an exception.

The defendant offered evidence to prove that Henry Siegfried deceased had worked for his father for nine years after he arrived at full age; which the plaintiff objected to, and the court rejected and sealed an exception.

The defendant also offered evidence to prove that he had ad-vanced money to his son-in-law; which was objected to by the plaintiff and overruled by the court, who sealed an excep-tion.

These several bills of exception were the subject of the errors assigned.

*Davis*, for plaintiff in error, argued that the administrator of Henry Siegfried had a direct interest that the plaintiff should recover. The issue grew out of his administration account, and would affect the assets in his hands; and having paid a part of the money which was the subject of the plaintiff's claim, he was clearly incompetent to establish the correctness of that payment. For Henry Christman might with a good conscience accept the pay-ment of his claim, and therefore the administrator could not reco-ver it back. 5 *Serg. & Rawle* 371; 5 *Whart.* 446; 4 *Binn.* 83; 9 *Watts* 183; 9 *Serg. & Rawle* 179. As to the evidence contained in the second and third bills of exception, it was clearly competent to show that the father intended the money as an advancement, and should have gone to the jury. 7 *Watts* 25.

*Strong*, contra. The interest which the administrator had was compensated by his right to recover the money back, if it were improperly paid. The question was, whether there was a debt due to the father; if there was not, he could not *ex equo et bono* receive the money, and was therefore liable to refund; if there was, then the payment was a good one. 7 *Greenleaf* 356; 2 *Car. & P.* 65, 12 *Eng. C. L. R.* 32; *Bay. on Bills* 374; 7 *Cow.* 358; 2 *Phil. Ev.* 130; 7 *Barn. & Cress.* 815, 14 *Eng. C. L. R.* 137. As

to the second bill, there could no presumption of advancement arise from the fact that the father was indebted to the son, or that he had made advancements to his other children; and therefore this · evidence was properly rejected.

The opinion of the Court was delivered by

ROGERS, J.—The object in directing the issue was to ascertain whether the sum of $1200, advanced by Solomon Siegfried to his son Henry, was a loan or an advancement. The plaintiff alleges he was a creditor of his son; while, on the other hand, the defendant maintains it was a free, voluntary gift by the father, in consideration of natural love and affection, and of services rendered by the son after he attained full age. To maintain the issue, John H. Helfrich, the administrator of Henry, who had died insolvent, was offered as a witness. The defendant objected to his testimony on the ground of interest, because, having paid to the plaintiff on account of this alleged debt the sum of $450, he was interested to that amount in establishing his right to claim as a creditor. It " would validate, as is said, the payment so made. To this it is answered truly, that conceding this to be so, yet, on a contrary supposition, he is not without remedy; for, if the plaintiff fails in this suit, the administrator may recover back the money paid, in an action for money had and received. It can in no point of view be considered as a voluntary payment, which the plaintiff *ex equo et bono* would be entitled to retain, in the event of a decision adverse to the plaintiff's pretensions. For, so far from being entitled to protection on that account, he would be exhibited as a fraudulent or assumed debtor, and of course it would be against conscience to permit him to retain money paid on the strength of a false claim. There would be little, as is justly said, to excuse or palliate his conduct, if placed in this position. This difficulty being removed, the point comes within a principle which has been often ruled, that where a witness has a remedy over against another to indemnify him for what he is to lose by the failure of the party calling him, he is competent, because his interest is equalized. 2 *Phil. Ev.* 130, and the cases there cited; 7 *Greenl.* 356; 12 *Eng. C. L. R.* 32; 14 *Ib.* 137; 7 *Cow.* 358; *Bay. Bills* 374.

After the testimony of the plaintiff was closed, the defendant offered to prove that Henry Siegfried wrought over age for his father, and superintended his farm for nine years. It must be remembered that the matter in issue was, whether the sum of $1200, which it is conceded Henry received from his father, was a loan or an advancement, and that the defendant was desirous of establishing the latter proposition. And did not the evidence offered add probability and force to the allegation? For, in addition to the inducement arising from the intimate natural relation, there was a superinduced obligation derived from the fact that the

[Christman v. Siegfried.]

son, after he had been emancipated by time from the control of his parent, performed for him valuable and important services. We say nothing as to the weight of the evidence; but who can say it is impertinent to the issue, or that it would not or ought not to have had some effect on the minds of the jury? Besides, the evidence ought to be received on another ground. If a son works for his father after he attains his age, he is entitled to be paid for his services, unless the case shows that the labour was performed without the expectation of the usual reward. Whether the services were rendered with or without contract, we know not; but this may be the proper subject of inquiry in this suit. The object of the action is to find the amount, if anything, which the intestate was indebted to his father; it is therefore, in that view, pertinent to the issue, and a legitimate subject of inquiry.

But one other error remains to be noticed; that is, the exclusion of evidence to prove that Henry Christman had advanced money to his son-in-law, Henry Siegfried. Although the bearing of the evidence is somewhat remote, yet we cannot say that it has nothing to do with the controversy. When a father-in-law advances his daughter, it may be and often is a reason for the father to advance his son; and therefore, on the principle already stated, we think this evidence ought also to be received.

Judgment reversed, and a *venire de novo* awarded.